# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JENNIFER J. MCCULLOUGH, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 2:23-cv-02397-SHL-cgc |
| KHUPHULA AFRICA, LLC | ) |
| and EDWARD J. SCHORMAN, JR., | ) |
|     Defendants. | ) |

## ORDER GRANTING JOINT MOTION FOR ORDER APPROVING RESOLUTION OF FLSA CLAIM AND DENYING JOINT MOTION TO STAY PENDING COMPLETION OF SETTLEMENT AGREEMENT

Before the Court is the Parties' Joint Motion for Order Approving Resolution of FLSA Claim and Joint Motion to Stay Pending Completion of Settlement Agreement, filed October 2, 2024. (ECF No. 36.) On June 29, 2023, Plaintiff Jennifer J. McCullough brought an individual action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") against Defendants Khuphula Africa, LLC, and Edward J. Schorman, Jr. (ECF No. 1.) McCullough alleged she was owed wages of at least $30,000 for work completed from March 20 to May 31, 2023, and was never paid, in violation of the FLSA's minimum-wage provision. (Id. at PageID 3–4.) McCullough also alleged that Defendants violated the FLSA by failing to preserve records of all hours she worked. (Id. at PageID 4.)

The Parties now seek entry of an order that grants their Motion and approves the agreed-upon resolution of the claims in this action and stays proceedings pending completion of all the payments as outlined in the settlement agreement (the "Settlement Agreement") attached to the Motion. (See ECF No. 36-1.) Under the terms of the Settlement Agreement, the final payment to McCullough is scheduled to be made on or about March 1, 2025. (Id. at PageID 119.) The

Parties assert they will file a stipulation of dismissal with prejudice within five days of the fulfillment of the Settlement Agreement's terms. (ECF No. 36 at PageID 116.) For the following reasons, the motion to approve the Settlement Agreement is **GRANTED** and the motion to stay is **DENIED**.

## BACKGROUND

In her Complaint, Plaintiff alleges that Defendants hired her to help establish a food and beverage program for their business, at a salary of $150,000 per year. (ECF No. 1 at PageID 3.) She asserts that she worked for Defendants from March 20 to May 31, 2023, but was never paid. (Id. at PageID 3.) McCullough contends that Defendants' failure to pay her constituted a willful violation of the FLSA and that their conduct also violated Tennessee state law, as Defendants breached their agreement to pay her wages. (Id.) She alternatively asserts that Defendants were unjustly enriched by their failure to pay her wages. (Id.) Schorman filed an answer on July 19, 2023. (ECF No. 9.) Khuphula Africa, LLC filed its answer on August 22, 2023. (ECF No. 16.)

On August 30, 2024, the Parties appeared for a pretrial conference where they informed the Court they had reached a settlement in the case, explained its terms, and stated that they would file a motion to approve the settlement. (ECF No. 35.) They filed that Motion on October 2, 2024. (ECF No. 36.) According to the Settlement Agreement attached to the Motion, Defendants agree to pay Plaintiff $28,000.00 in six installments, and will make a separate payment of $405 to Donati Law, PLLC, as attorneys' fees. (ECF No. 36-1 at PageID 118–19.)

## LEGAL STANDARD

The FLSA provides, in pertinent part, that an employer who engages in certain prohibited practices, like failing to pay overtime, shall be liable to a covered employee for back wages and liquidated damages. See 29 U.S.C. § 216(b). Once a covered employee files an FLSA claim

pursuant to this provision, the only two ways that the claim may be resolved through an agreement of the parties are if (1) the Secretary of Labor supervises the payment of back wages or (2) the employer and employee present the proposed settlement to the district court for approval. Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, 679 F.2d 1350, 1352–53 (11th Cir. 1982). The Parties have taken the second route, presenting a proposed Settlement Agreement to this Court for approval.

A district court must scrutinize a proposed FLSA settlement for fairness and determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1355; Nutting v. Unilever Mfg. (U.S.) Inc., No. 2:14-cv-02239-JPM-tmp, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014). In this analysis, the Court examines three factors: (1) whether the settlement was achieved in an adversarial context, (2) whether the plaintiffs were protected by attorneys who can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute. Lynn's Food Stores, 679 F.2d at 1354. As to the fairness and reasonableness of the settlement, the Court examines additional factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Nutting, 2014 WL 2959481, at *3 (quoting Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

## **ANALYSIS**

Based on a review of the Parties' submissions, the Court finds that the Settlement Agreement, agreed to by both Plaintiff and Defendants, is a fair and reasonable resolution of a

bona fide FLSA dispute. First, the settlement was achieved in an adversarial context, as evidenced by the pleadings filed by experienced counsel. (See ECF Nos. 1, 9 & 16.)

Second, the proposed Settlement Agreement is fair and reasonable. Plaintiff asserted that she was entitled to $30,000 in unpaid wages and, under the terms of the Settlement Agreement, she is to recover almost all of that which she claims to be entitled and which she would have recovered had she prevailed at trial. (ECF No. 36 at PageID 114, 116.) The Parties agree that a resolution of the case under the terms of the Settlement Agreement "outweighs the risks and costs of going forward with the litigation." (Id. at PageID 114.)

Third, as for the Nutting factors, the Court finds no evidence of fraud or collusion. See Nutting, 2014 WL 2959481, at *3. Moreover, settlement now will avoid additional expenditures of time and resources. See id. The range of possible recovery is relatively fixed and defined by statute, so there is little risk that the proposed Settlement Agreement will deprive Plaintiff of a fair result. See 29 U.S.C. § 216(b). Finally, counsel for the Parties indicate their support for the proposed Settlement Agreement by conferring and filing this Joint Motion. Thus, this proposed Settlement Agreement is fair and reasonable. The Court therefore **GRANTS** the Motion and **APPROVES** the Settlement.

The Court will not, however, stay the case while the Parties fulfill their obligations under the Settlement Agreement. Instead, the Court will dismiss the case, enter a judgment that dismisses the claims, but it will retain jurisdiction over the matter for the purposes of enforcing the Settlement Agreement. See Henley v. Cuyahoga Cnty. Bd. of Mental Retardation & Developmental Disabilities, 141 F. App'x 437, 441 (6th Cir. 2005) ("a district court does have the authority to dismiss pending claims while retaining jurisdiction over the future enforcement of a settlement agreement") (quoting RE/MAX Int'l, Inc. v. Realty One, Inc., 271 F.3d 633, 641

(6th Cir. 2001)).  As the court explained in RE/MAX, there are two methods for a court to retain jurisdiction to enforce a settlement agreement: "if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal-either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order."  RE/MAX, 271 F.3d at 641–42 (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994)).  The Court does both here.

## CONCLUSION

For the foregoing reasons, the motion to approve the Settlement Agreement is **GRANTED**, the Settlement Agreement is **APPROVED**, and the motion to stay is **DENIED**.  The Court will retain jurisdiction for the purposes of enforcing the Settlement Agreement.

**IT IS SO ORDERED,** this 18th day of October, 2024.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE
